CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHAUNCEY J. JACKSON, | ) | Civil Action No. 7:17-cv-00166 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ADRIANNE BENNETT, | ) | By:   Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

Chauncey J. Jackson, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff names Adrianne Bennett, who is the Chairperson of the Virginia Parole Board ("Board"), as the sole defendant. Plaintiff argues that he experiences cruel and unusual punishment by being denied a meaningful opportunity to obtain parole release, in violation of the Eighth and Fourteenth Amendments of the United States Constitution. Defendant filed a motion for summary judgment, to which Plaintiff responded out of time.[1] After reviewing the record, the court grants Defendant's motion for summary judgment.

I.

Plaintiff had committed multiple felonies, including homicide, before January 1, 1995, and while sixteen years old. He was convicted of, inter alia, first-degree murder and sentenced on November 28, 2001, to life imprisonment for that crime.[2] Plaintiff has been eligible for discretionary parole, pursuant to Virginia Code § 53.1-165.1, since October 26, 2007.

---

[1] Plaintiff had until November 28, 2017, to file his response in opposition to the motion for summary judgment, but he did not hand it to prison officials for mailing until, at the earliest, on December 21, 2017. See, e.g., Houston v. Lack, 487 U.S. 266, 275 (1988) (describing the prison-mailbox rule). Giving a pro se complaint the benefit of a liberal construction does not mean that "procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993); Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction does not mean liberal deadlines."). Plaintiff has not moved for an extension of time, either before or after the deadline passed. Accordingly, the court does not consider the untimely response in opposition to the motion for summary judgment.

[2] Plaintiff was also convicted of attempted robbery, using a firearm during a felony, and conspiring to commit a felony.

Since at least 2016, Plaintiff has requested that the Board consider his status as a juvenile offender and his developing maturity as specific factors in support of parole release. Plaintiff has explained to the Board that he has remained infraction free in prison for many years, achieved educational milestones, maintained a prison job for many years in different facilities, been housed in a "Positive Behavior Unit," and been married since February 21, 2014.

Plaintiff has been denied parole release every year he has been reviewed. In 2017, the Board explained its denial by noting the serious nature and circumstances of his crimes, that release would diminish the seriousness of his crimes, that he is still a risk to the community. Plaintiff concludes, based on the repeated denials, that he will have a "de facto sentence of life without parole." As relief, Plaintiff wants the Board be compelled to specifically consider "juvenile offender status" as a factor for parole release.

The Board relies on its "Parole Decision Factors" ("Factors") to determine parole release. The Factors help the Board decide the probability that an inmate will comply with conditions of release and lead a law-abiding life in the community. To that end, the Factors require consideration of: a release plan; family and community resources; any prior experience while on supervised release; changes in motivations and behaviors; institutional behavior; the time already served for an imposed sentence; the crime; overall criminal history record; and risk to the community. The Board has the discretion to deny parole release if it does not have sufficient confidence in an inmate's ability to succeed or does not believe parole release would serve the interests of society and the inmate.

## II.

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing admissible evidence and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the admissible evidence as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

## III.

Plaintiff principally relies on Graham v. Florida, 560 U.S. 48, 68 (2010), and Miller v. Alabama, 567 U.S. 460, 465 (2012), as the mandatory precedent requiring the Board to

3

specifically consider his juvenile offender status. The court finds that neither Graham nor Miller controls and that Defendant is entitled to judgment as a matter of law.

Graham held that the Eighth Amendment requires states to provide a juvenile offender convicted of a nonhomicide offense "some meaningful opportunity to obtain release [from prison] based on demonstrated maturity and rehabilitation." Graham, 560 U.S. at 75. Plaintiff was convicted of, inter alia, first-degree homicide, and thus, Graham does not apply here.[3]

Miller held that the Eighth Amendment forbids a sentencing scheme that mandates a life sentence without possibility of parole for juveniles convicted of homicide offenses. Miller, 567 U.S. 489. While Plaintiff may have been a juvenile convicted of a homicide offense, he cannot establish that he was sentenced to mandatory life and without a possibility of parole. See id. at 476 (noting mandatory sentencing statutes, "by their nature, preclude a sentencer from taking account of an offender's age and the wealth of characteristics and circumstances attendant to it"). Virginia did not mandate a mandatory life sentence, Jones v. Commonwealth, 293 Va. 29, 40-42, 795 S.E.2d 705, 711-12 (2017), and Plaintiff acknowledges he is eligible for parole. See Montgomery v. Louisiana, 136 S. Ct. 718, 737 (2016) ("A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.").

Plaintiff asks whether it would be better for the Factors to specifically consider his development since committing crimes as a juvenile. However, neither Graham nor Miller compels an answer to that question through the lens of the Eighth Amendment, and Plaintiff's

---

[3] Plaintiff's reliance on a district court case from the Eastern District of North Carolina is similarly misplaced. The plaintiff in Hayden v. Keller, 134 F. Supp. 3d 1000, 1001 (E.D.N.C. 2015), successfully challenged a parole process as a juvenile offender who committed a nonhomicide crime and received a life sentence without the possibility of parole.

4

relief lies with Virginia's executive and legislative officials. Accordingly, Defendant is entitled to summary judgment as a matter of law for the Eighth Amendment claim.

## IV.

Plaintiff invokes the Due Process Clause of the Fourteenth Amendment but reiterates that his argument "is not that [he] ha[s] been unable to obtain parole." Consequently, the court treats the claim as a procedural, and not a substantive, due process challenge.

To establish minimal procedural due process requirements about parole, the Board must do "no more than [provide] a statement of reasons indicating to the inmate why parole has been denied." Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986); see Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) ("Because parole consideration and parole itself typically hinge on the discretionary decisions of parole authorities, inmates generally possess no entitlement, but only a desire, that a parole board will decide in their favor."); see also Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991) (en banc) (noting there is no constitutional right to parole per se and due process is required only when a state has created "a legitimate claim of entitlement" to some aspect of parole). It is not disputed that Plaintiff received notices from the Board explaining the bases for denying discretionary parole. Accordingly, Defendant is entitled to summary judgment as a matter of law for the Fourteenth Amendment claim.

## V.

For the foregoing reasons, the court grants Defendant's motion for summary judgment.

**ENTER:** This 7th day of May, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge